DECISION
Plaintiff timely appealed from Defendant's Notice of Deficiency Assessment for tax year 2007. That assessment followed a Notice of Deficiency disallowing six of Plaintiff's dependent exemptions and changing his filing status from head of household to single. The court held several informal proceedings with the parties. Both the court and Defendant stressed upon Plaintiff the importance of proving he qualified for the head of household filing status and for the six disputed dependent exemptions. Plaintiff advised the court during the June 29, 2010, proceeding, that he lacked some of the proof necessary to prove his case. The court advised Plaintiff that his appeal would therefore be denied. The court provides a brief overview of the relevant facts and law.
 I. STATEMENT OF FACTS
Plaintiff allegedly sent approximately $8,000 to family members living in Mexico. Plaintiff states that he was supporting his father, mother, four sisters, and young brother, who all lived together in Mexico. Plaintiff states that none of those individuals worked. Plaintiff also has a brother living in the United States who also sent money to his relatives in Mexico. Plaintiff was unable to specify how much money the brother sent to Mexico. More importantly, Plaintiff does not know what the family's total living expenses were in 2007. *Page 2 
 II. ANALYSIS
ORS 316.695(1)(c)(E)[1] provides that the term "`head of household' [shall] have the meaning given th[at] term[] in section 2 of the Internal Revenue Code." Section 2 of the IRC, in turn, defines "head of household" to include an unmarried individual who, for more than one-half of the taxable year, "maintains as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of his otherwise qualifying unmarried children and "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151 [of the IRC]." IRC § 2(b)(1)(A).[2] A taxpayer can also qualify for head of household filing status if he "maintains a household which constitutes for such taxable year the principal place of abode of the father or mother of the taxpayer * * *." IRC § 2(b)(1)(B).
Furthermore, the code provides that a taxpayer "shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual." IRC § 2(b)(1).
Plaintiff's family in Mexico generally meets the relationship requirement for a dependent set forth in Internal Revenue Code section 152(a)(2) and (d)(2)(A) (defining a dependent to include "a descendant of a child.") (2007). However, Plaintiff is unable to prove that he was the primary source of financial support for the household in 2007. Plaintiff has no proof of the Mexican family's 2007 living expenses or the amount of money his brother sent to Mexico that year. Accordingly, there is no way of knowing whether Plaintiff provided over one half of the family's financial support for the year. *Page 3 
 III. CONCLUSION
Based on the above, the court concludes that Plaintiffs appeal should be denied because he does not qualify for the disputed exemptions or head of household filing status for tax year 2007. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this day of July 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon July 30, 2010. The Court filed and entered this documenton July 30, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] All references to the Internal Revenue Code (IRC) are to 2005.